

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

August 11, 2017

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Capitol Records, LLC et al. v. ReDigi Inc. et al., Case No. 16-2321

Dear Ms. O'Hagan Wolfe:

    We represent Plaintiffs-Appellees Capitol Records, LLC, Capitol Christian Music Group, Inc. and Virgin Records IR Holdings, Inc.(collectively, "Capitol") in the above-referenced appeal, and write in response to the August 10, 2017 letter of Defendants-Appellants ReDigi Inc., John Ossenmacher and Larry Rudolph a/k/a Lawrence S. Rogel (collectively, "ReDigi").

    It is unclear how the cited supplemental authority, a Central District of California case decided some sixteen months ago, satisfies Rule 28's concept of a significant authority coming to a party's attention after the filing of its brief. In any event, the case, which is itself currently the subject of an appeal to the Ninth Circuit (as forecast in the district court's own tentative language in the opinion[1]), has no bearing on the issues raised on this appeal.

    As the quoted portion of the opinion recognizes, the first sale doctrine "embodies a delicate distribution of rights between copyright holders and downstream resellers." Estate of Robert Graham v. Sotheby's, Inc., 178 F. Supp.3d 974, 985 (C.D. Cal. 2016). That delicate balance has never included a right to reproduce a copyrighted work; the first sale doctrine only operates as a defense to the distribution right and does not provide a right to make further copies to be distributed. Nothing in the Graham case (which does not even involve digital works) or indeed in any case cited by ReDigi to date, changes that dispositive law, which renders the first sale defense inapplicable to digital reproductions.

    ReDigi's repeated attempts to rely on precedents talking about the significance of the first sale defense generally seek only to convince the Court to amend section 109(a) in a way that every government agency that has reviewed the situation has rejected and that Congress has consistently refused to do.

---

[1] The district court acknowledged that the issue before it was "a close one," which would "likely result in a second trip to the Ninth Circuit." 178 F. Supp.3d at 991.

**Cowan, Liebowitz & Latman, P.C.**
Catherine O'Hagan Wolfe
August 11, 2017
Page 2

                                       Respectfully submitted,

                                       Richard S. Mandel

cc:    All Parties Receiving Notice via ECF